UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHADWICK WRIGHT (#368195)

VERSUS                                  CIVIL ACTION

LA. DEPARTMENT OF PUBLIC                NUMBER 13-342-JJB-SCR
SAFETY AND CORRECTIONS, ET AL

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 14, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHADWICK WRIGHT (#368195)

VERSUS                                          CIVIL ACTION

LA. DEPARTMENT OF PUBLIC                        NUMBER 13-342-JJB-SCR
SAFETY AND CORRECTIONS, ET AL

### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss Original Complaint Filed on Behalf of Defendants Gary Aymond and William Smith. Record document number 10.  The motion is not opposed.

### I. Procedural Background

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Asst. Warden Troy Poret, Capt. Gary Aymond, Lt. William Smith, Katherine Bell and seven unidentified defendants.  Plaintiff alleged that he was subjected to an excessive use of force, was issued false disciplinary reports and was denied adequate medication treatment, in violation of his First and Eighth Amendment rights.[1]

_____

[1] Record document number 1.

After defendants Capt. Aymond and Lt. Smith filed their Motion to Dismiss, the plaintiff filed a Motion for Partial Dismissal.[2] On October 28, 2013, the plaintiff's Motion for Partial Dismissal was granted, dismissing all claims against all defendants without prejudice except for the plaintiff's excessive force and deliberate indifference claims against Capt. Aymond and John Doe #3 (emergency medical technician).[3]

On December 10, 2013, the plaintiff was granted leave to file an amended complaint.[4]   In the Amended Complaint the plaintiff named Capt. Aymond and Jane Doe # 3, an unidentified female emergency medical technician ("EMT"), as defendants.[5]   Plaintiff alleged that Capt. Aymond sprayed him with mace without provocation and EMT Jane Doe #3 denied him adequate medical treatment following the incident, in violation of his Eighth Amendment rights.

## II. Factual Allegations

Plaintiff alleged that on March 15, 2012, Lt. William Smith was processing inmates through the Camp D gate to perform field work.   Plaintiff alleged during roll call the inmates were being

---

[2] Record document number 15.

[3] Record document number 18.

[4] Record document number 30.

[5] Jane Doe #3, the unidentified emergency medical technician who allegedly denied the plaintiff adequate medical treatment on March 15, 2012, has not been served with the amended complaint and did not participate in the motion to dismiss.

disruptive and were ordered by Lt. Smith to "hold the noise down." Plaintiff alleged that while out of Lt. Smith's view, he shouted, "Hold this dick down."  Plaintiff alleged that after Lt. Smith accused another inmate of making the vulgar remark, he confessed to making the remark.  Plaintiff alleged that he was escorted by Capt. Harriss and Capt. Aymond to the shower in Camp D Hawk.

Plaintiff alleged that he was ordered to undress and Capt. Aymond conducted a visual body examination for contraband. Plaintiff alleged that when he turned around Capt. Aymond sprayed him with mace without provocation.  Plaintiff alleged that following the incident, Capt. Aymond issued him a false disciplinary report accusing him of causing a disturbance on the unit.  Plaintiff alleged that he was issued the disciplinary report because he insulted Capt. Aymond.

Plaintiff alleged that approximately 20 minutes after being sprayed with mace the water to the shower was turned on but he could not shower to decontaminate because the water was too hot. Plaintiff alleged that because he was unable to stand under the water he resorted to dabbing his body with water to remove the chemicals.  Plaintiff alleged that the mace was water activated and spread over his body causing him to suffer intense burning.

Plaintiff alleged that he was ordered to put on a jump suit so that he could be examined by an EMT.  Plaintiff alleged that instead of putting on the jump suit he wrapped it around his waist

3

covering his genitals and buttocks.

Plaintiff alleged that EMT Jane Doe #3 came to the shower cell and began asking him routine medical questions in a manner that made him feel as though she was trying to provoke him. Plaintiff alleged that he explained to her that the water was too hot to decontaminate. Plaintiff alleged that EMT Jane Doe #3 refused to flush his eyes, provide him with a salve to treat the burning sensation or arrange to have the plaintiff decontaminated.

### III. Motion to Dismiss

Defendant Capt. Aymond moved to dismiss certain claims asserted in the original complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.[6] Specifically, the defendant sought to dismiss: (1) any claim brought against him in his official capacity; (2) any claim regarding a violation of the plaintiff's First Amendment rights including a claim of retaliation; and, (3) any claim that he was deliberately indifferent to the plaintiff's serious medical needs, as alleged in the original complaint.

To the extent these claims were raised in the original complaint, they were not asserted in the Amended Complaint. Specifically, as set forth in Section II above, the plaintiff

---

[6] The Motion to Dismiss was also brought on behalf of Lt. William Smith. Because the claims against Lt. William Smith were previously dismissed, record document number 18, the Motion to Dismiss on his behalf is moot.

amended the complaint on December 10, 2013, to assert claims against Capt. Aymond in his individual capacity only.[7]  Moreover, the plaintiff did not assert that Capt. Aymond violated his First Amendment rights or was deliberately indifferent to his serious medical needs.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss be denied as moot and this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, March 14, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] Record document number 31, Amended Complaint, p. 4, ¶ III, B.

5