UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHADWICK WRIGHT (#368195)

VERSUS                                  CIVIL ACTION

LA. DEPARTMENT OF PUBLIC                NUMBER 13-342-JJB-SCR
SAFETY AND CORRECTIONS, ET AL


**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is the plaintiff's Motion to Compel Discovery filed on February 14, 2014.  Record document number 47.  The motion is opposed.[1]

On November 4, 2013, the plaintiff filed a request for production of documents.[2]  Defendant responded to the discovery requests.[3]

Plaintiff moved to compel responses to request for production of documents numbers 4, 5, 6 and 7.

For the reasons set forth below, the plaintiff's motion to compel discovery is granted in part and denied in part.

---

[1] Record document number 48.  Plaintiff filed a Motion for Leave to Amend and Supplement Brief in Support of Motion to Compel Discovery.  Record document number 49.  The motion was granted in part.  Record document number 55, Ruling Motion to Supplement Brief.  Plaintiff's Amended and Supplemental Brief in Support of Motion to Compel Discovery, record document number 56, was considered to the extent provided by the ruling.

[2] Record document number 21.

[3] Record document numbers 25, 26 and 27.

**Request for Production of Documents Number 4**

In request number 4, the plaintiff sought copies of the Camp D Hawk Unit 1 & 2 Logbook entries for the month of March 2012.

Defendant objected arguing that the production of confidential information concerning protection methodology could jeopardize the safety of LSP officers and offenders.   Defendant produced a redacted copy of the purportedly relevant portion of the Camp D Hawk Unit Chemical Agent Logbook for March 15, 2012, the date of the alleged incident.

Plaintiff moved to compel the production of un-redacted documents.   Plaintiff argued that the information sought is relevant to establishing the amount of chemical agent sprayed on him.  Plaintiff argued that the log books document the amount of chemical agent in the cannister before and after it was used on him.

Defendant opposed the plaintiff's motion to compel re-urging the argument made in response to the discovery request.   In addition, the defendant further argued that the request is overly broad and vague.   Defendant's argument is persuasive only to the extent that the defendant argued that the discovery request is overly broad.

Plaintiff's motion to compel a further response to request for production of documents number 4 is granted in part.  Defendant shall, within 14 days from the date of this ruling, produce an un-

2

redacted copy of the Camp D Hawk Unit Chemical Agent Logbook for the period between March 1, 2012 through March 15, 2012.  In all other respects, the motion to compel a response to request for production of documents number 4 is denied.

### Request for Production of Documents Number 5

In request number 5, the plaintiff sought copies of the Camp D Hawk Unit 1 & 2 Logbook entries for March 15, 2012.

Defendant objected arguing that the production of confidential information concerning protection methodology could jeopardize the safety of LSP officers and offenders.  Defendant further argued that the logbooks contain "various confidential matters" that would compromise security functions if provided to an offender. Defendant produced a redacted copy of the purportedly relevant portion of the Camp D Hawk Unit Logbook for March 15, 2012, the date of the alleged incident.

Plaintiff moved to compel the production of un-redacted documents.  Plaintiff argued that the information sought is relevant to establishing that Capt. Harriss assisted the defendant in escorting the plaintiff onto the unit and then left after the plaintiff was placed in the shower.

Defendant opposed the plaintiff's motion to compel arguing that the plaintiff was provided the relevant portion of the log book.  Defendant's argument is not persuasive.

Plaintiff's motion to compel a response to request for

production of documents number 5 is granted. Defendant shall, within 14 days from the date of this ruling, produce an un-redacted copy of the Camp D Hawk Unit Logbook for the March 15, 2012.

### Request for Production of Documents Number 6

In request number 6, the plaintiff sought copies of the Camp D Hawk Unit 1 & 2 Shower Roster entries for the period between March 14 and March 18, 2012.

Defendant objected arguing that the production of confidential information concerning protection methodology could jeopardize the safety of LSP officers and offenders. Defendant further argued that the logbooks contain "various confidential matters" that would compromise security functions if provided to an offender. Defendant produced a redacted copy of the purportedly relevant portion of the Camp D Hawk Unit Shower/Tier/Yard Roster for March 15, 2012, the date of the alleged incident.

Plaintiff moved to compel the production of documents responsive to his request. Plaintiff argued that the information sought will aid him in identifying witnesses to the incident.

Defendant opposed the plaintiff's motion to compel arguing that the plaintiff was provided the relevant portion of the shower log.

A review of the defendant's response showed that he produced a redacted copy of the shower log for March 15, 2012. The log entries include the names of the inmates who were on the unit and

the times that each inmate was placed in and removed from the shower. Defendant's response is sufficient.

Plaintiff's motion to compel a response to request for production of documents number 6 is denied.

### Request for Production of Documents Number 7

In request number 7, the plaintiff sought copies of the Camp D Hawk Orderly Roster for the month of March 2012.

Defendant objected arguing that the information sought is irrelevant, that the production of confidential information concerning protection methodology could jeopardize the safety of LSP officers and offenders and the information requested contains "confidential matters" that would compromise security functions if provided to an offender.

Plaintiff moved to compel the production of un-redacted documents. Plaintiff argued that the information sought will aid him in identifying witnesses to the incident.

Defendant opposed the plaintiff's motion to compel now arguing that the documents sought are overly broad, vague and irrelevant. Defendant's argument is persuasive insofar as he argued that the request is overly broad.

Plaintiff's motion to compel a response to request for production of documents number 7 is granted in part. Defendant shall, within 14 days from the date of this ruling, produce a copy of the Camp D Hawk Unit Orderly Roster for March 15, 2012.

Defendant may redact the inmate numbers from the copy.  In all other respects, the motion to compel a response to request for production of documents number 7 is denied.

Accordingly, the plaintiff's Motion to Compel Discovery is granted in part.  Defendants shall, within 14 days, produce: (1) an un-redacted copy of the Camp D Hawk Unit Chemical Agent Logbook for the period between March 1, 2012 through March 15, 2012; (2)an un-redacted copy of the Camp D Hawk Unit Logbook for the March 15, 2012; and (3) a copy of the Camp D Hawk Unit Orderly Roster for March 15,  2012 (inmate numbers may be redacted).  In all other respects, the plaintiff's Motion to Compel Discovery is denied.

Baton Rouge, Louisiana, April 15, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE