UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHADWICK WRIGHT (#368195)

VERSUS                                          CIVIL ACTION

LA. DEPARTMENT OF PUBLIC                        NUMBER 13-342-JWD-SCR
SAFETY AND CORRECTIONS, ET AL


### RULING ON MOTION TO COMPEL DISCOVERY

Before the court is the plaintiff's Motion to Compel
Discovery. Record document number 62. The motion is opposed.[1]

Plaintiff propounded Plaintiff's Third Request for Production
of Documents.[2] Defendant Capt. Gary Aymond filed Answers to
Plaintiff's Third Request for Production of Documents.[3] Plaintiff
moved to compel a response to request for the production of
documents number 1.

For the reasons set forth below, the plaintiff's motion to
compel discovery is denied.

In request for production of documents number 1, the plaintiff
sought the production of the recording or a certified transcription
of the March 19, 2012 disciplinary board hearing.

Defendant objected on ground that the plaintiff is prohibited
from possessing a compact disc of the hearing while housed on an

---

[1] Record document number 63.

[2] Record document number 41.

[3] Record document number 43.

extended lockdown unit. Defendant argued that the plaintiff has been confined on an extended lockdown unit since September 30, 2013.[4] Defendant subsequently sought leave of court to file the compact disc of the plaintiff's March 19, 2012 disciplinary board hearing into the record.[5] The motion was granted.[6]

Plaintiff moved to compel arguing that the defendant did not offer any proof to substantiate his objection. However, the plaintiff did not dispute that inmates confined on extended lockdown units are prohibited from possessing compact discs.

Defendant opposed the motion to compel relying on a copy of the plaintiff's inmate location sheet which showed that the plaintiff is currently confined in extended lockdown.

Plaintiff's confinement in extended lockdown prohibits him from possessing compact discs. Furthermore, there is no apparent need for a transcript of the hearing. Plaintiff pled guilty pursuant to a plea agreement arranged through an inmate counsel substitute, which agreement included a specific sentence. Plaintiff has not shown how a transcript of the disciplinary board

---

[4] Defendant erroneously stated in his Answers to Plaintiff's Third Request for Production of Documents that the plaintiff is housed in administrative lockdown, when in fact he is housed in extended lockdown. Record document number 63, Defendant's Memorandum in Opposition to Plaintiff's May 27, 2014 Motion to Compel Discovery, p. 2, n. 3; record document number 63-1, p. 4, Inmate Location Sheet.

[5] Record document number 44.

[6] Record document number 45.

hearing would contain evidence relevant to his remaining use of excessive force claim against defendant Capt. Aymond.

Accordingly, the plaintiff's Motion to Compel Discovery is denied.

Baton Rouge, Louisiana, October 29, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE